IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) Case No. 23-cv-1205 <br> KLAY CONSTRUCTION, INC., ) <br> STANISLAW BUCZYNSKI, and MARZENA ) <br> BUCZYNSKA ) <br> ) <br> Defendants. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, NAUTILUS INSURANCE COMPANY ("Nautilus"), by and through its attorneys, Traub Lieberman Straus & Shrewsberry, LLP, and for its Complaint for Declaratory Judgment against Defendants, KLAY CONSTRUCTION, INC. ("Klay"), STANISLAW BUCZYNSKI ("Buczynski"), and MARZENA BUCZYNSKA ("Marzena"), states as follows:

## THE PARTIES

1. Plaintiff Nautilus is, and at all relevant times has been, a corporation organized under the laws of Arizona with its principal place of business in Scottsdale, Arizona.

2. Defendant Klay is, and at all relevant times has been, a corporation organized under the laws of Illinois with its principal place of business in Illinois.

3. On information and belief, Defendants Buczynski and Marzena (collectively, "Underlying Plaintiffs") are residents of Illinois and therefore, citizens of Illinois.

4. Underlying Plaintiffs are the plaintiffs in the lawsuit styled *Stanislaw Buczynski, et. al. v. AAA-1 Masonry & Tuckpointing, Inc., et. al.*, pending under case no. 2022L007834 in the

Circuit Court of Cook County, Illinois (the "Underlying Lawsuit"), for which coverage is sought from Nautilus by Klay.

5. Underlying Plaintiffs are joined as defendants herein as necessary parties pursuant to Rule 19 of the Federal Rules of Civil Procedure and so that they may be bound by the judgment entered in this case. If Underlying Plaintiffs execute a stipulation agreeing to be bound by any judgment entered herein, Nautilus will file an amended complaint removing Underlying Plaintiffs as defendants.

## JURISDICTION AND VENUE

6. Nautilus brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 2201.

7. There exists an actual and justiciable controversy among the parties concerning the rights, duties, and obligations of Nautilus under and pursuant to the policy of insurance described herein in connection with the Underlying Lawsuit.

8. The jurisdiction of this Court is premised upon 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Nautilus on the one hand and Klay and Underlying Plaintiffs on the other hand.

**9.** The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Specifically, this case relates to coverage sought from a commercial general liability insurance policy issued by Nautilus providing liability limits of $1 million per occurrence and $2 million in the aggregate subject to its terms, conditions, and exclusions. The Underlying Lawsuit seeks damages in excess of $75,000.

10. Venue is proper pursuant to 28 U.S.C. §1391(b) because at least one defendant resides in this judicial district. Moreover, the Underlying Lawsuit at issue in this declaratory action is currently pending in the Circuit Court of Cook County, Illinois.

**THE UNDERLYING LAWSUIT**

11. On August 30, 2022, Underlying Plaintiffs initiated the Underlying Lawsuit in the Circuit Court of Cook County against AAA-1 Masonry Tuckpointing, Inc. ("AAA-1"), Klay, and Daniel T. Kruk, Inc. ("Kurk") (collectively, "Underlying Defendants").

12. The operative pleading in the Underlying Lawsuit is a Complaint (the "Underlying Complaint"). A true and correct copy of the Underlying Complaint is attached hereto as **Exhibit A** and incorporated herein by reference.

13. The Underlying Complaint alleges that on August 4, 2021, the Lakeside at Walden Condominium Association ("Association") entered into a contract with AAA-1 for masonry repairs to the property located at 1810 Hemlock Place, Schaumburg, Illinois (the "Jobsite").

14. The Underlying Complaint alleges that the contract between the association and AAA-1 required AAA-1 as the general contractor to provide all labor, material and equipment needed to perform masonry repairs.

15. The Underlying Complaint alleges that AAA-1 retained Klay as a subcontractor and Kurk as the "estimator and project manager."

16. The Underlying Complaint alleges that Buczynski was employed by Stanley Masonry, Inc. ("Stanley Masonry") as a masonry and tuckpointing worker and served as a sub-contractor at the Jobsite.

17. The Underlying Complaint alleges that AAA-1 and Klay retained Buczynski to perform masonry work on the Jobsite.

18. The Underlying Complaint alleges that on September 21, 2021, Buczynski was at the Jobsite when he fell off scaffolding and sustained injuries.

19. The Underlying Complaint alleges that AAA-1, Klay, and Kruk all: (1) selected and/or approved the scaffolds to be used; (2) erected and/or controlled, directed, and oversaw the

means and methods of the erection of the scaffolds to be used; (3) had authority to order changes to the work and equipment at the Jobsite if it was not safe and/or in compliance with federal, state, local and industry safety standards; and (4) had authority and a duty to ensure that the scaffolds were safe and in compliance with federal, state, local, and industry standards.

20. The Underlying Complaint asserts twelve nearly identical causes of action against AAA-1, Klay, and Kruk for negligence, loss of consortium, and causes of action titled "Section 414-Retained Control" and "Section 343".

21. Count V of the Underlying Complaint alleges negligence against Klay. Count V alleges that Klay was under a duty to exercise reasonable care and Klay, by and through its agents, servants and employees, committed one or more careless and negligent acts and/or omissions by, among other things, selecting and/or approving scaffolds that were insufficient and unsafe for masonry work, failing to adequately train and/or require training for the workers, failing to provide and require workers to use adequate fall protection for workers on the Jobsite, and failing to make and/or require adequate inspections for safety on the Jobsite.

22. Count VI of the Underlying Complaint asserts a cause of action tilted "Section 414-Retained Control" against Klay. Count VI alleges that Klay retained control over the contractor and sub-subcontractors, including Buczynski and other workers on the Jobsite, and had the duty to operate, manage, oversee, supervise, and control the Jobsite.

23. Count VII of the Underlying Complaint asserts a cause of action tilted "Section 343" against Klay. Count VII alleges that Klay possessed and/or controlled the areas of the Jobsite, including the land and equipment that Buczynski was working on and had a duty to keep and maintain the premises.

24. Count VIII of the Underlying Complaint asserts a claim for loss of consortium against Klay. Count VIII alleges that due to Klay's conduct, Marzena (wife of Buczynski) has "incurred injury including the loss of consortium, with loss of society, championship and other grievous injury."

## THE NAUTILUS POLICY

25. Nautilus issued a commercial general liability policy to Klay as the named insured bearing policy no. NN1206155, effective from May 10, 2021 to May 10, 2022 (the "Nautilus Policy"). The Nautilus Policy, subject to its terms and conditions, provides liability limits of $1 million per occurrence and $2 million in the aggregate. A true and accurate copy of the Nautilus Policy is attached hereto as **Exhibit B** and incorporated herein by reference.

## COUNT I – NO DUTY TO DEFEND
## INJURY TO WORKERS EXCLUSION

26. Nautilus adopts and realleges the allegations in Paragraphs 1 through 25 of its Complaint for Declaratory Judgment as and for Paragraph 26 of Count I of its Complaint for Declaratory Judgment, as if fully set forth herein.

27. The Insuring Agreement of the Nautilus Policy provides, in relevant part, the following with respect to the liability coverage afforded therein:

> **I. Insuring Agreement**
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. […]
>
> \* \* \*
>
> b. This insurance applies to "bodily injury" and "property damage" only if:

    **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    **(2)**    The "bodily injury" or "property damage" occurs during the policy period;

* * *

28.    The Insuring Agreement of the Nautilus Policy provides coverage for those sums that insureds becomes legally obligated to pay as damages because of "bodily injury" caused by an "occurrence" during the policy period.

29.    The Underlying Plaintiffs filed the Underlying Lawsuit against Klay, who is an insured under the Nautilus Policy.

30.    Coverage under the Nautilus Policy, however, is subject to exclusions. Specifically, the Nautilus Policy contains an Injury to Workers Exclusion, which was added to the policy by an endorsement titled "Exclusion - Injury to Employees, Contractors, Volunteers and Other Workers" (Form L205 (11/10)) ("Injury to Workers Exclusion").

31.    The Injury to Workers Exclusion precludes coverage for the following:

    **a. Injury to Employees, Contractors, Volunteers and Other Workers**

    "Bodily injury" to:

    **(1)**    "Employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors of any insured; or

    **(2)**    Any insured's contractors', subcontractors', or independent contractors' "employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors

    arising out of and in the course of:

    **(a)**    Employment by any insured; or

    **(b)**    Directly or indirectly performing duties related to the

           conduct of any insured's business; or

           * * *

This exclusion applies:

**(1)**    Regardless of where the:

    **(a)**    Services are performed; or

    **(b)**    "Bodily injury" occurs; and

**(2)**    Whether any insured may be liable as an employer or in any other capacity; and

**(3)**    To any obligation to share damages with or repay someone else who must pay damages because of the injury.

32. The Injury to Workers Exclusion bars coverage under the Nautilus Policy for "bodily injury" to Klay's own employees, leased workers, temporary workers, volunteer workers, contractors, subcontractors, or independent contractors, "arising out of and in the course of . . . employment" or "[d]irectly or indirectly performing duties related to the conduct of any insured's business."

33. The Injury to Workers Exclusion also bars coverage under the Nautilus Policy for "bodily injury" to employees or workers of any of Klay's contractors, subcontractors, or independent contractors, "arising out of and in the course of . . . employment" or "[d]irectly or indirectly performing duties related to the conduct of any insured's business."

34. The Injury to Workers Exclusion applies if Buczynski was Klay's employee, contractor, subcontractor, or independent contractor.

35. The Injury to Workers Exclusion applies if Buczynski was an employee, contractor, subcontractor, or independent contractor of Klay's contractors, subcontractors, or independent contractors.

36. The Underlying Complaint alleges that Klay was the masonry subcontractor for the Jobsite and that Buczynski was a masonry sub-subcontractor at the Jobsite.

37. The Underlying Complaint further alleges that Klay retained Buczynski to perform masonry work on the Jobsite as well as other jobsites.

38. Count VI of the Underlying Complaint also asserts a cause of action tilted "Section 414-Retained Control," which alleges that Klay retained control over the contractor and sub-subcontractors, including Buczynski.

39. The Injury to Workers Exclusion applies to bar coverage for the Underlying Lawsuit because the Underlying Complaint alleges injury to Buczynski, who is Klay's employee, subcontractor, or independent contractor.

40. An actual controversy exists between Nautilus and Klay, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Nautilus, respectfully prays that this Honorable Court:

    a. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Nautilus Policy;

    b. Find and declare that the Injury to Workers Exclusion of the Nautilus Policy precludes coverage for the Underlying Lawsuit.

    c. Find and declare that Nautilus has and had no duty under the Nautilus Policy to defend Klay against the Underlying Lawsuit; and

    d. Grant Nautilus such other and further relief that the Court deems proper under the facts and circumstances.

## **COUNT II – NO DUTY TO INDEMNIFY**
## **INJURY TO WORKERS EXCLUSION**

41. Nautilus adopts and realleges the allegations in Paragraphs 1 through 40 of its Complaint for Declaratory Judgment as and for Paragraph 41 of Count II of its Complaint for Declaratory Judgment, as if fully set forth herein.

42. Because Nautilus does not owe a duty to defend Klay in the Underlying Lawsuit, Nautilus does not owe a duty to indemnify Klay in the Underlying Lawsuit.

WHEREFORE, Plaintiff, Nautilus, respectfully prays that this Honorable Court:

a. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Nautilus Policy;

b. Find and declare that the Injury to Workers Exclusion of the Nautilus Policy precludes coverage for the Underlying Lawsuit.

c. Find and declare that Nautilus has and had no duty under the Nautilus Policy to indemnify Klay for any judgment in or settlement of the Underlying Lawsuit; and

d. Grant Nautilus such other and further relief that the Court deems proper under the facts and circumstances.

Dated: February 27, 2023

Respectfully submitted,

TRAUB LIEBERMAN STRAUS
& SHREWSBERRY LLP

By: /s/ Jeremy S. Macklin
Jeremy S. Macklin (6303870)
71 South Wacker Drive, Suite 2110
Chicago, Illinois 60606
Telephone: (312) 332-3900
Facsimile: (312) 332-3908
jmacklin@tlsslaw.com
One of the Attorneys for Defendant
*Nautilus Insurance Company*